# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**GRACE C. STEPHENSON JOHNSON,**
    **Plaintiff,**

    v.                                Case No. 17-CV-1574

**MILWAUKEE COUNTY SHERIFF,**
    **Defendant.**

---

## DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Grace C. Stephenson Johnson brings this 42 U.S.C. § 1983 lawsuit against the Milwaukee County Sheriff alleging that sheriff's deputies falsely imprisoned her. Defendant has filed a motion for summary judgment. For the reasons explained below, the defendant's motion for summary judgment is granted.

## UNDISPUTED FACTS[1]

On July 4, 2017, Johnson was visiting her daughter, Christina, at the Children's Hospital in Wauwatosa, Wisconsin. (Docket #68 at 5.) When Johnson entered Christina's room, Nurse Chettle-Sterkin was caring for Christina and the curtains and blinds in the room were closed. (*Id.*) Johnson inquired as to why the curtains and blinds were closed. The nurse responded that they were closed for privacy reasons. (*Id.*) Johnson then responded in a loud voice and intruded on Chettle-Sterkin's personal space. Chettle-Sterkin left the room and was followed by Johnson, who was heard yelling through the hall. (*Id.*) Law enforcement was contacted and arrived when Johnson was nearing the elevator. (*Id.*)

---

[1] Although in her motions Johnson generally challenges the police's version of events, she did not respond to defendant's proposed findings of fact. Accordingly, they are deemed undisputed for purposes of summary judgment. Civil L.R. 56(4) (E.D. Wis.).

Deputies Morgan, Smith, and Leranth then approached Johnson to detain her. (*Id.*) They handcuffed Johnson and she screamed in the hospital and elevators as the deputies removed her from the scene. (*Id.*) The deputies stated that Johnson was detained because her actions caused a disruption to the operations at Children's Hospital. (*Id.*)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." (*Id.*)

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check*

*Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

The defendant asserts three grounds for summary judgment. First, the defendant argues that the Milwaukee County Sheriff is a non-suable entity. Second, the defendant argues that even if Johnson had properly named Milwaukee County as defendant, Johnson has not asserted a cognizable claim against Milwaukee County. Finally, the defendant argues that even if Johnson had sued the individual Milwaukee County deputies, the deputies had probable cause to detain Johnson and are therefore entitled to qualified immunity.

The named defendant is the "Milwaukee County Sheriff." The sheriff, or more accurately the Milwaukee County Sheriff's Office, is a subdivision of Milwaukee County. Therefore, it cannot be sued separately from Milwaukee County. *Whiting v. Marathon County Sheriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004).

Even if I construe Johnson's complaint liberally, as I must, and interpret her complaint as intending to sue Milwaukee County, her lawsuit cannot survive. As I explained in the order dismissing the Milwaukee Police Department from this lawsuit (Docket # 32), local government entities, such as municipalities and counties, cannot be held vicariously liable for constitutional violations committed by their employees. *Monell v. Dept't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). A municipality or county can only be liable under § 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers." *Id*. To establish liability under *Monell*, a

plaintiff must "show the existence of a policy or custom and a sufficient causal link between the policy or custom and the constitutional deprivation." *Jones v. City of Chicago*, 787 F.2d 200, 203 (7th Cir. 1986) (citing *Monell*, 436 U.S. at 690-694). Because Johnson does not make any allegations of an unconstitutional custom, policy, or practice, there is no basis to hold the county liable for the actions of the sheriff's deputies.

Because this lawsuit is being dismissed on other grounds and the individual deputies are not named defendants, I need not address the defendant's argument that the deputies had probable cause and are entitled to qualified immunity.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion for summary judgment (Docket # 65) is **GRANTED**.

**IT FURTHER IS ORDERED** that plaintiff's motion for oral arguments and evidentiary hearing (Docket # 37) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to produce (Docket # 39) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to produce, motion to compel, and motion objecting to excessive interrogatories (Docket # 56) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (Docket # 59) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to file a supplemental brief (Docket # 62) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin this 29th day of October, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge